United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY S. DAILY,

        Plaintiff,

    v.

FEDERAL INSURANCE COMPANY, *et al.*,

        Defendants.
_____/

No. C-04-3791 PJH (EMC)

**ORDER RE MEET AND CONFER**

        The parties have filed several letters with Judge Hamilton, indicating that they have a discovery dispute regarding the terms of a protective order. More specifically, Plaintiff Gregory S. Daily has asked the Court to "enter an order making clear that settlement and mediation communications are confidential and shall not be disclosed to any party absent the consent of the other parties to the communication." Letter of 6/16/05 from D. Weiss to Court at 2. Mr. Daily argues that this relief is necessary because Defendant Federal Insurance Company improperly submitted to the Court and placed in the public record a confidential settlement/mediation communication.

        The Court hereby orders the parties to meet and confer regarding the discovery dispute in accordance with its standing order on discovery procedures. Based on the letters submitted by the parties, it appears that the parties have simply met and conferred in writing. The Court's standing order requires that parties meet and confer in person, except where good cause is shown why a telephone meeting is adequate. Here, given that counsel for Mr. Daily is located in San Francisco and counsel for Federal in Los Angeles, a telephone meet and confer shall be permitted. However,

1  the Court emphasizes for the parties that written meet and confers are not adequate.  Moreover, the
2  Court orders that either lead trial counsel shall participate in the meet and confer or counsel with full
3  and complete authority on discovery matters.  To the extent that any proposed protective order may
4  affect Defendant Royal Insurance Company of America, counsel for Royal should also be a part of
5  the meet and confer.

6        As a final point, the Court notes that the dispute as currently framed is whether or not a
7  protective order should include a specific provision on the confidentiality of communications
8  regarding settlement and/or mediation.  In other words, the Court is *not* being asked to make any
9  determination as to whether -- as claimed by Mr. Daily -- Federal improperly submitted to the Court
10 and placed in the public record a confidential settlement/mediation communication.  Given this
11 limitation, the Court is hard pressed to understand why the parties are unable to resolve this dispute
12 without the need for judicial intervention.  The parties are forewarned that the Court will not look
13 kindly upon unnecessary posturing by either party and that any party that takes a position that is not
14 substantially justified may be subject to sanctions.

15       The meet and confer ordered by the Court shall take place by June 29, 2005.  If the parties
16 are unable to resolve the dispute, they shall file a joint letter with the Court by July 6, 2005.  The
17 joint letter should reflect when the in-person meet and confer took place, how long it lasted, and who
18 participated.  The joint letter should also inform the Court of the issues on which the parties were
19 able to which agreement and the issues, if any, still in need of resolution.  For each remaining
20 dispute, the parties should provide brief statements in support of their respective positions, including
21 citation to any applicable legal authority.  The parties should use the attached template for their joint
22 letter.

24       IT IS SO ORDERED.

26 Dated:  June 22, 2005

                                                          _____
                                                          EDWARD M. CHEN
                                                          United States Magistrate Judge

United States District Court
For the Northern District of California

**SAMPLE JOINT LETTER**

[Date]

VIA [METHOD][1]

Honorable Edward M. Chen
United States Magistrate Judge
U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94102

     Re: [Case number and case name]

Dear Judge Chen:

     The parties have met and conferred regarding several discovery disputes.  The meet and confer took place on [date], with the participation of [Plaintiff's attorney], representing Plaintiff, and [Defendant's attorney], representing Defendant.  The meet and confer was in person and lasted approximately [minutes or hours].

### I.    RESOLVED DISCOVERY DISPUTES

     The parties reached agreement on several discovery disputes.  Those agreements are as follows:

[Description of Agreement No. 1.]

[Description of Agreement No. 2.]

[Description of Agreement No. 3, etc.]

### II.    REMAINING DISCOVERY DISPUTES

     The parties were not able to reach agreement on the remaining discovery disputes.  Those remaining disputes and the parties' respective positions are provided below.  Copies of the relevant discovery requests and responses are attached as Exhibits [numbers].[2]

A.    [Dispute No. 1]

---

[1] Note for Counsel: The Court may request a courtesy copy of the joint letter to be faxed to chambers.  If so, counsel should still file a copy of the joint letter with the Clerk of the Court.  The letter faxed to chambers is a courtesy copy only.  *As a general matter, parties may not fax any papers to the Court without prior leave of the Court.*

[2] Note for Counsel: Unnecessary exhibits should not be attached.

1.     1.     [Position of Party Seeking Discovery][3]
2.     2.     [Position of Party Opposing Discovery]
3. B.     [Dispute No. 2]
4.     1.     [Position of Party Seeking Discovery]
5.     2.     [Position of Party Opposing Discovery]
6. C.     [Dispute No. 3]
7.     1.     [Position of Party Seeking Discovery]
8.     2.     [Position of Party Opposing Discovery]
9. D.     [Dispute No. 4, etc.]
10.     1.     [Position of Party Seeking Discovery]
11.     2.     [Position of Party Opposing Discovery]

Sincerely,

[Plaintiff's counsel]                     [Defendant's counsel]
Attorney for Plaintiff                 Attorney for Defendant

**United States District Court**
For the Northern District of California

---

[3] Note for Counsel: Each party's position should be stated succinctly (*e.g.*, in one paragraph). The purpose of the joint letter is to inform the Court of the essence of the dispute in lieu of full briefing. The Court may order full briefing and/or a hearing if necessary.