STROOCK & STROOCK & LAVAN LLP
MICHAEL F. PERLIS (State Bar No. 959992)
RICHARD R. JOHNSON (State Bar No. 198117)
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Defendant/Counterclaimant
Federal Insurance Company

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY S. DAILY,<br><br>Plaintiff/Counterdefendant,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY, ROYAL INSURANCE COMPANY OF AMERICA, and DOES 1-25, inclusive,<br><br>Defendants/Counterclaimant | **Case No. C 04-03791 PJH**<br><br>**[Honorable Phyllis J. Hamilton]**<br><br>**STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulation and [Proposed] Protective Order Against Unauthorized Use or Disclosure of Confidential Information (the "Stipulated Protective Order" or "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, outside counsel, and outside counsel's employees (whether regular or contract).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c), including but not limited to any

information that a party or non-party claims, in good faith, constitutes or contains trade secrets or financial or other business information of a proprietary, confidential, or commercially sensitive nature, and information invasive of an individual's legitimate privacy interests.

2.4 Receiving Party: a Party that receives Protected Material (as defined herein) from a Producing Party.

2.5 Producing Party: a Party or non-party that produces Protected Material (as defined herein) in this action.

2.6 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.8 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 Counsel (without qualifier): Outside Counsel, as well as their support staffs.

2.10 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.12 Consultants: a person who is neither an employee of a party nor anticipated to become an employee in the future, and who is retained, for purposes of this litigation, by or at the direction of counsel for a party.

3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

The Court shall retain jurisdiction to enforce this Stipulated Protective Order beyond the conclusion of this litigation, including personal jurisdiction over all persons subject to this Order.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to the attention of a Party or non-party that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

(a) Manner. Designation in conformity with this Order requires:

(1) For information in documentary form, including but not limited to exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other material (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) as "CONFIDENTIAL."

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend at the top or bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(2) For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 10 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 10 days shall be covered by the provisions of this Stipulated Protective Order. The parties shall treat all deposition, pretrial or trial proceedings as "CONFIDENTIAL" under this Protective Order until the expiration of the 10 day period. Unless so designated, any confidentiality is waived after the expiration of the 10 day period unless designated, as set forth above, or otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition, or proceeding, through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony. If any document or information designated as "CONFIDENTIAL" is used during the course of a deposition or pretrial hearing, and no party has otherwise designated the deposition transcript as "CONFIDENTIAL," only that portion of the deposition record reflecting such "CONFIDENTIAL" information and testimony related directly thereto shall be sealed and designated "CONFIDENTIAL."

Non-party witnesses who are shown Protected Material shall not be allowed to retain copies of the Protected Material. Should a non-party deposition witness refuse to sign the Acknowledgment, the deposition shall be allowed to proceed and the parties shall have the right to question the witness regarding Protected Material. A witness refusing to sign the Acknowledgment shall not be allowed to copy any Protected Material shown at the deposition or take any notes thereof. Furthermore, the portion of the deposition containing the question and answer about the Protected Material for such a witness shall be labeled "CONFIDENTIAL" and the witness shall not be given a copy of the deposition transcript and will only have the opportunity to review the transcript in the presence of counsel, or an employee of counsel, for a party.

Any court reporter or videographer who transcribes or videotapes testimony in this action at a deposition shall be required to agree, before transcribing or videotaping any such testimony, that all information designated as Protected Material shall not be disclosed except as provided in this Order, and that copies of any transcript, reporter's notes, videotapes, or any other transcription records of any such testimony will be retained in absolute confidence and

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

safekeeping by such reporter or videographer or shall be delivered to an attorney of record or filed under seal with the Court, as set forth in Section 10, below.

(3) For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential."

5.3 Timing. Certain provisions of this Stipulated Protective Order give the parties a specified number of days to designate material as "CONFIDENTIAL" after its production. To account for materials being produced prior to the entry of this Stipulated Protective Order, the time set for designating such materials shall not start to run until the Court has entered this Order.

5.4 Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If a Party or nonparty produces, or otherwise discloses, qualified information without designating such as "CONFIDENTIAL," it is the responsibility of that Party or nonparty to make the appropriate designation in the manner set forth above, as soon thereafter as the party or nonparty becomes aware of the confidential nature of the disclosure. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.5 Discovery: Per Order of the Court, dated June 21, 2005, all discovery in this case shall be deemed "Confidential" until the underlying suit

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

(Auerbach Acquisition Associates, Inc. v. Greg Daily, et al., LASC #BC 285 134) is resolved.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) witnesses in the action to whom disclosure is reasonably necessary may receive "CONFIDENTIAL" information or items during their deposition. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (hereinafter the "Acknowledgment") that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material. A party that seeks to file under seal any Protected Material must comply with civil local rule 79-5.

11. FINAL DISPOSITION.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the designating party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in section 4 (duration), above.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

12.3 Mediation and Settlement Negotiations. The Parties agree that that California Evidence Code sections 1119, 1120 and 1152 shall apply in this action.

12.4 Information Not Applicable to This Order. Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that:

(a) At the time of disclosure hereunder, was already lawfully in the possession of the Receiving Party and was not acquired through discovery or under any obligation of confidentiality; or

(b) At the time of disclosure hereunder was, or subsequently becomes, through no fault of the Receiving Party, a public document or publicly available.

12.5 Execution. This Protective Order may be executed in counterparts.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July ____, 2005

Respectfully submitted,

MORGAN LEWIS & BOCKIUS LLP
David E. Weiss
Cristina M. Shea

By: ______________________________
Cristina M. Shea
Attorneys for Plaintiff/Counterdefendant
Gregory S. Daily

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

       12.3 Mediation and Settlement Negotiations. The Parties agree that that California Evidence Code sections 1119, 1120 and 1152 shall apply in this action.

12.4 Information Not Applicable to This Order. Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that:

(a) At the time of disclosure hereunder, was already lawfully in the possession of the Receiving Party and was not acquired through discovery or under any obligation of confidentiality; or

(b) At the time of disclosure hereunder was, or subsequently becomes, through no fault of the Receiving Party, a public document or publicly available.

12.5 Execution. This Protective Order may be executed in counterparts.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 8, 2005

Respectfully submitted,

MORGAN LEWIS & BOCKIUS LLP
David E. Weiss
Cristina M. Shea

By: CMShea

Cristina M. Shea
Attorneys for Plaintiff/Counterdefendant
Gregory S. Daily



STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

50294561V1

DATED: July ____, 2005

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
Michael F. Perlis
Mitchell J. Langberg
Richard R. Johnson

By: ______________________
Michael F. Perlis
Attorneys for Defendant/Counterclaimant, Federal Insurance Company

DATED: July 12, 2005

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Louis H. Castoria
Robert C. Garvie

By: ______________________
Louis H. Castoria
Attorneys for Defendant/Counterclaimant, Royal Insurance Companyof America

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: ______________________

______________________
The Honorable Phyllis J. Hamilton
United States District Judge

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

DATED: July 13, 2005

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
Michael F. Perlis
Mitchell J. Langberg
Richard R. Johnson

By: ______________________________
Michael F. Perlis
Attorneys for Defendant/Counterclaimant, Federal Insurance Company

DATED: July ____, 2005

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Louis H. Castoria
Robert C. Garvie

By: ______________________________
Louis H. Castoria
Attorneys for Defendant/Counterclaimant, Royal Insurance Companyof America

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 7/15/05

______________________________
The Honorable Phyllis J. Hamilton
United States District Judge

50294561V1

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

- 15 -
STIPULATED PROTECTIVE ORDER
Case No. C 04-03791 PJH

50294561V1

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ___________________________ [print or type full name], of ____________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of Gregory S. Daily v. Federal Insurance Company, Royal Insurance Company of America, Case No. C 04-03791 PJH. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ________________________________ [print or type full name], of ________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _______________

City and State where sworn and signed: _________________________________

Printed name: ________________________________________

[printed name]

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

Signature: ________________________________________
[signature]

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

- 17 -
STIPULATED PROTECTIVE ORDER
Case No. C 04-03791 PJH
50294561V1