**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY S. DAILY,

    Plaintiff,

    v.

FEDERAL INSURANCE COMPANY, et al.,

    Defendants.

No. C 04-3791 PJH

**ORDER DENYING MOTION TO DISMISS**

Before the court is the motion of defendant Federal Insurance Company for an order dismissing the second and third causes of action in the second amended complaint. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion for the following reasons.

**INTRODUCTION**

This is an insurance coverage dispute involving an executive liability and indemnification policy ("the D&O policy"). The action was filed by plaintiff Gregory S. Daily in the San Francisco Superior Court, and was removed to this court by defendants Federal Insurance Company ("Federal") and Royal Insurance Company of America ("Royal"). In the original complaint, filed August 20, 2004, Daily alleged a single cause of action against

Federal (which issued the D&O policy) – for declaratory relief regarding coverage. In the prayer for relief, Daily also requested "injunctive relief to compel Federal to comply with its coverage obligations, including without limitation the obligation to advance defense costs." In the first amended complaint, filed August 26, 2004, Daily added Royal (which had issued the excess liability policy) as a defendant.

Federal and Royal filed counterclaims, which were dismissed in the order granting Daily's motion to dismiss. Federal filed a motion for summary judgment on the issue of coverage, which was denied. Daily then filed a second amended complaint ("SAC") on May 31, 2005, alleging additional facts and causes of action against Federal only, for breach of contract and breach of the implied covenant of good faith and fair dealing. The SAC asserts that Federal breached the contract by failing to pay Daily's defense costs incurred to date in the underlying state court suit, and that this breach was in "bad faith." Daily seeks compensatory and punitive damages. Federal now moves to dismiss the causes of action for breach of contract and breach of the implied covenant, for failure to state a claim.

**DISCUSSION**

A.   Legal Standard

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim are disfavored, see Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997), and 12(b)(6) dismissals are proper only in "extraordinary" cases. See United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). A court should dismiss for failure to state a claim only where it appears beyond doubt that plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Pillsbury, Madison & Sutro v. Lerner, 31 F.3d 924, 928 (9th Cir. 1994). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996).

///

B.  Federal's Motion to Dismiss

Federal moves to dismiss the breach of contract and breach of the implied covenant claims, arguing that in a situation where Federal and the insured cannot agree on the amount of defense costs to be advanced, the policy requires Federal to "advance on a current basis" those defense costs "which the Company [Federal] believes to be covered under this coverage section until a different allocation is negotiated, arbitrated, or judicially determined." Federal Policy, ¶ 12, as amended by Endorsement No. 1, ¶ 7.  Federal has advanced some costs to Daily, but argues that the parties have not come to any agreement regarding the proper allocation of costs, and that Federal is therefore within its rights to refuse to pay the entire amount that Daily claims is owing.[1]

Federal also asserts that the "bills" submitted by Daily cannot be considered "reasonable defense costs" because the information submitted by Daily is so inadequate that it is impossible for Federal to determine whether the costs were "incurred in defending or investigating Claims" (as specified in the policy).  Federal asserts that it has repeatedly advised Daily's counsel about the deficiencies in the submitted bills, and has invited submission of the bills to a neutral evaluator, but that Daily's counsel has never responded to Federal's questions or concerns.  Thus, Federal asserts, the parties are apparently at an impasse, and Federal is permitted under the terms of the policy to advance only those costs that it believes to be covered.  Federal asserts that after applying the policy's $250,000 deductible, it has advanced to Daily the sum of $511,420, and has satisfied its contractual obligations.

Federal contends that the breach of contract claim should be dismissed for failure to state a claim.  Federal argues in addition that because Daily has not stated a claim for breach of contract, Daily cannot state a claim for "bad faith."  In California, an insurer cannot base a claim for breach of the implied covenant of good faith and fair dealing on conduct by an insurer that does not violate the express terms of the insurance policy.  Waller v. Truck Ins.

---

[1]  According to the SAC, Daily has submitted "defense bills totaling $4,604,257.22."

3

Exchange, Inc., 11 Cal. 4th 1, 36 (1995).  Thus, Federal asserts, a "bad faith" claim cannot lie where the insurer's action is authorized by the contract.

In opposition, Daily argues that he has stated both a valid breach of contract claim and a valid "bad faith" claim, and that the motion to dismiss should be denied.  He contends that Federal is not really arguing that the complaint is insufficient to state a claim for breach of contract, but rather is arguing that evidence from outside the complaint shows that there has been no breach of contract.  According to Daily, Federal is arguing that under the policy, in the event of a disagreement about the payment of costs, Federal is entitled to unilaterally decide how much it should pay, and that in this case, because Daily and Federal disagree about the allocation, Federal's decision that 80% of the defense costs are not covered is appropriate and cannot be a breach of contract as a matter of law.

Daily contends, by contrast, that the SAC alleges that Federal breached the contract by insisting on an allocation where none is required under the policy, and that Federal has breached the contract by failing to pay defense costs as the invoices have been submitted for payment.  Daily also asserts that the language regarding "allocation" quoted by Federal applies only where a claim results in a loss that is covered and a loss that is not covered under the policy, and that in such a case the parties must reach agreement on allocation.  Daily contends that under this provision, a claim that involves only costs incurred to defend a director or officer for covered matters – as is the case here – will involve no allocation, and the insurance company must pay on a current basis without allocating.  If it fails to do so, as Daily claims Federal has done here, then it has breached the contract.  Daily contends that Federal is attempting to mislead the court when it says that Daily and Federal have been unable to agree on the allocation of defense costs, because, in fact, there is no question of "allocation." Daily claims that the definition of "Loss" in the policy, which includes defense costs, requires that a D&O insurer pay legal expenses as they are incurred (citing Gon v. First State Ins. Co., 871 F.2d 863, 868 (9th Cir. 1989; Okada v. MGIC Indem. Corp., 823 F.2d 276, 280 (9th Cir. 1986)).

Finally, Daily argues that there is no basis to dismiss the bad faith claim, as Federal's

4

argument is based on its erroneous argument that Daily has not stated a claim for breach of contract. Daily contends in addition that Federal's behavior in making an arbitrary decision to pay far less than the amount of the bills submitted by Daily can be interpreted as acting in bad faith, and that the SAC so alleges. Thus, Daily argues, the motion to dismiss the bad faith claim should be denied.

In reply, Federal reiterates that Daily has not stated either a breach of contract claim or a bad faith claim. Federal disputes Daily's interpretation of the "allocation" provision, arguing, in essence, that the parties do disagree on which of the claimed costs are covered and which are not – and that the "allocation" provision therefore applies. Federal argues that the result of adopting Daily's interpretation of the policy would be the conclusion that so long as Daily argues that all submitted bills are for covered costs, then Federal is obligated to pay the full amount.

Federal notes that under the policy, Daily has always been free, if dissatisfied with the amount Federal had advanced, to seek a different allocation through negotiation, arbitration, or judicial determination. However, he has not done this, and instead has taken the position that whatever legal bills he submits to Federal – in whatever amount – must be paid when submitted. Federal argues that the only reasonable construction of § 12 of the policy is that the phrase "advance on a current basis" means that Federal's obligation to pay arises only when Federal actually has, or could reasonably have, formulated a belief as to the scope and amount of coverage available under the policy.

Federal argues further that its position is supported by an unreported decision from the Southern District of California, Pan Pacific Retail Properties, Inc. v. Gulf Ins. Co., 2004 WL 2958479 (S.D. Cal. 2004), in the which the district court rejected the same argument that Daily has made here, and has distinguished the cases on which Daily relies here. Federal asserts that under the reasoning of the Pan Pacific court, Daily has not pleaded, and cannot plead, a breach of contract claim on the basis of Federal's decision to advance what it believes to be covered.

The court finds that the motion must be DENIED. Construing the allegations in the light

5

most favorable to Daily, the court finds that the SAC states a claim for breach of contract and breach of the implied covenant. The real question raised by Federal's motion – whether the policy requires Federal to pay defense costs on an ongoing basis – should be resolved on summary judgment, not on a 12(b)(6) motion. In addition, the present motion papers refer to evidence from outside the complaint, and there appear to be disputed factual issues, not appropriate for resolution on a 12(b)(6) motion.

## CONCLUSION

In accordance with the foregoing, the court hereby DENIES Federal's motion to dismiss. Because Daily amended the complaint to add the causes of action for breach of contract and breach of the implied covenant after the court had ruled on Federal's previous motion for summary judgment, the court will permit Federal to file a second motion for summary judgment after the close of discovery, on those two claims and only those two claims.

**IT IS SO ORDERED.**

Dated: August 19, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge